# In the United States Court of Federal Claims

No. 22-720C
(Filed: July 21, 2022)

```
*************************************
MARCADES RISHELLE POTTER,           *
                                    *
            Plaintiff,              *
                                    *   Pro Se Plaintiff; Sua Sponte Dismissal for
v.                                  *   Lack of Jurisdiction; Sovereign Citizen
                                    *   Allegations; In Forma Pauperis
THE UNITED STATES,                  *
                                    *
            Defendant.              *
*************************************
```

Marcades Rishelle Potter, Chester, PA, pro se.

Catharine M. Parnell, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**

**SWEENEY**, Senior Judge

      Pro se plaintiff Marcades Rishelle Potter seeks declaratory and unspecified monetary relief arising from the United States' purported misappropriation of her "Estate."  For the reasons discussed below, the legal fiction underlying plaintiff's claim is insufficient to establish jurisdiction in this court; therefore, the court dismisses plaintiff's complaint.  The court also grants plaintiff's application to proceed in forma pauperis.

**I.  BACKGROUND**

      On June 28, 2022, plaintiff filed a form complaint accompanied by an appendix of documents.  In the complaint, plaintiff alleges that the "United States was and is acting as" the "custodian" of her "Estate" because, pursuant to the "Cestui Que Vie Act [of] 1666," it presumed that she was dead or had abandoned her "Estate."  Compl. 1.[1]  She further alleges that neither presumption is accurate—she is alive and has not abandoned her "Estate."  Id.  She represents that to support her allegations, she attached to her complaint evidence of "the United States['] involvement over the said Estate" and the name and registration number of the "Estate."  Id. at 2.  Finally, without any further explanation of the nature of her claim or the jurisdictional basis for asserting her claim in this court, she requests a declaration that she is "the entitlement holder of

---

[1] The page references to plaintiff's filings are those assigned by the court's electronic filing system.

the said Estate," a declaration that she is alive, and to "be compensated the interest of the Estate from the 'United States.'" Id. at 3.

Turning to the complaint's appendix, some of the documents appear to set forth a philosophical foundation for plaintiff's claim, while others are in the form of estate planning documents apparently intended to support her claim. The court will not examine each of these documents in detail here, but instead presents a brief overview of their contents.

The first document is titled "Notice and Warning to Utility Companies." Compl. App. 1. The key allegation in this document is a reference to the "bankruptcy" of the United States that purportedly occurred in 1933. See id. ("Since House Joint Resolution 192 (HJR 192) (Public law 7310) was passed in 1933 we have only had debt, because all property and gold w[ere] seized by the government as collateral in the bankruptcy of the United States."). The document also includes the following passage, presented without alteration:

> Every judge and every attorney in America, especially those who hold positions with several direct connections into the utilities companies bank accounts and acting as attorneys for the banks, most presumably in all other countries as well, since they all get their instructions from England the same place that all the banks get their instructions through the Comptroller of The Currency headquarters in London England, each knowing the above and incorporated to be true, since they are well versed on the US Bankruptcy of 1933 and that America still remains to date in a state of Emergency and operates under English Law, though that also is supposed to be a well-kept secret.
>
> This means there "IS NO MONEY." It further means that since there is no money American's signatures are used as the credit to run this country. That in turn means that it is the American people whom are the Creditors not the Debtors, as the banks and utilities companies would like everyone to believe.

Id. at 2.

The second document is a "Schedule of Fees," through which plaintiff purports to establish specific monetary penalties for various infractions related to the "Trust" which owns the "Copyright, trademark, [and] trade name . . . Marcades Rishelle Potter, © TM." Id. at 3. For example, the unsolicited "Interrogation" of the trustee of the "Trust" as to that person's name or driver's license number is a $10,000 infraction. Id. at 3-4. Requiring a signature under "threat, duress, or coercion" is a $1,000,000 infraction. Id. at 4.

The third document is a "First Will and Testament of the Grantor," in which plaintiff purports to provide identifying information for the estate that is the basis for her claim:

> I, Constanzia Trishelle Pearson, being of sound mind and over the age of 40, as Grantor of the private trust security - Estate MARCADES RISHELLE POTTER, Registration Number 1989-0072416, Date of Registration - September

> 27, 1989, do Bless and do Grant Irrevocable Power of Attorney over said trust security to my daughter Marcades R Potter, her agents and/or assigns this twentieth day of October, 2019[.]

Id. at 5.  In the next document, an "Affidavit of Correction," plaintiff asserts that she is correcting an error on her birth certificate because the name on the birth certificate is in all capital letters, which must be "considered a fictitious name," whereas the "proper form" should be written "Marcades Rishelle Potter."  Id. at 6.

The next two documents are affidavits, one "of Knowledge of Facts" and another "of Life," which appear to have the purpose of establishing, respectively, the truth of the assertions in the documents attached to the complaint, and that plaintiff is indeed alive.  Id. at 7-9.  In the two documents that follow, plaintiff references the Corpus Juris Secundum and the Cestui Que Vie Act of 1666, and includes passages attributed to these authorities related to a "presumption of death" and the circumstance of a person being alive after having been presumed dead.  Id. at 10-13.  Plaintiff then presents a Declaration of Trust, id. at 14-25, in which she identifies "MARCADES RISHELLE POTTER 1989-0072416" as a component of the trust corpus, id. at 24.  The final document is a "Last Will and Testament of Marcades Rishelle Potter."  Id. at 26-33.

In conjunction with her complaint, plaintiff filed an application to proceed in forma pauperis.  Having considered all of plaintiff's submissions, and finding a response from defendant unnecessary, the court is prepared to adjudicate plaintiff's claim.

## II.  DISCUSSION

Although the legal theory presented in support of plaintiff's claim is cryptic, the complaint has all of the hallmarks of a sovereign citizen suit.  As is common in these suits, plaintiff relies on a legal fiction to support a monetary claim that has no basis in the laws of the United States.  Before explaining further, the court addresses the governing standards of review.

### A.  Standards of Review

#### 1. Pro Se Plaintiffs

Pro se pleadings are "held to less stringent standards than formal pleadings drafted by lawyers" and are "to be liberally construed."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  However, the "leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements."  Minehan v. United States, 75 Fed. Cl. 249, 253 (2007); accord Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be.").  In other words, a pro se plaintiff is not excused from her burden of proving, by a preponderance of evidence, that the court possesses jurisdiction.  See Banks v. United

States, 741 F.3d 1268, 1277 (Fed. Cir. 2014) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).

### 2. Jurisdiction

Whether the court has subject matter jurisdiction to decide the merits of a case is a threshold matter.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868).  The question of subject-matter jurisdiction "may be raised . . . by a court on its own initiative[] at any stage in the litigation." Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); accord Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

The ability of the United States Court of Federal Claims to entertain suits against the United States is limited.  "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941).  The waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969).

The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States.  28 U.S.C. § 1491(a)(1).  However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976).  Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

To determine whether it has jurisdiction, the court discerns the true nature of the claim in the complaint and is not constrained by the plaintiff's characterization of the claim. Katz v. Cisneros, 16 F.3d 1204, 1207 (Fed. Cir. 1994).  If the court finds that it lacks jurisdiction over a claim, Rule 12(h)(3) of the Rules of the United States Court of Federal Claims requires that the court dismiss the claim.

### B. Analysis

Plaintiff's claim, as best the court can discern, is premised on her interpretation of her status as a person who is alive and who may have been presumed dead, her contention that her birth certificate does not accurately reflect her existence, and her assertion that her estate, "MARCADES RISHELLE POTTER 1989-0072416," requires her to be compensated by the United States.  These are sovereign citizen-type arguments, where such plaintiffs attempt to convince courts that their status as sovereign citizens differs from the status of the fictional individuals identified by their birth certificates or their social security numbers.  E.g., Davis v.

United States, No. 09-862C, 2010 WL 1685907, at *1-3 (Fed. Cl. Apr. 22, 2010).

Often, a sovereign citizen plaintiff will argue that his or her birth certificate (and/or other documents) evidences a trust and that he or she has the right to collect the funds in that trust from the United States. See, e.g., Davenport v. United States, No. 17-1122C, 2017 WL 5988354, at *2 (Fed. Cl. Dec. 4, 2017) (stating that "[p]roponents of the sovereign citizen theory allege that th[eir] security interest results in the creation of an individual trust account" and attempt to claim the funds in that account by suing the United States); Rivera v. United States, 105 Fed. Cl. 644, 646 (2012) (noting that a sovereign citizen may assert that he or she "is a sovereign, not a United States citizen, and therefore is entitled to obtain certain funds under a theory known as 'redemption'"). As in this suit, see Compl. App. 1, a sovereign citizen may reference the "House Joint Resolution 192" of 1933 as a legal basis for his or her redemption claim, Rivera, 105 Fed. Cl. at 646. The sovereign citizen redemption theory typically includes the following elements:

> Many Sovereign Citizens believe that when the government began issuing legal tender in 1933, "all Citizens were 'pledged' as collateral for the national debt" resulting from the loss of value from the gold standard. All Sovereign Citizens therefore have two identities: a real "private" individual and a fictional "public" person. Refusing to be used as collateral can hypothetically result in access to a trust fund held in the fictional person's name at the U.S. Treasury.

Jessica K. Phillips, Not All Pro Se Litigants Are Created Equally: Examining the Need for New Pro Se Litigant Classifications Through the Lens of the Sovereign Citizen Movement, 29 Geo. J. Legal Ethics 1221, 1226 (2016) (footnotes omitted).

Sovereign citizens also sometimes reference the Cestui Que Vie Act of 1666, or a "cestui que vie" trust,[2] as support for their arguments in court. See United States v. Nissen, 555 F. Supp. 3d 1174, 1182 (D.N.M. 2021) (discussing a pro se criminal defendant's sovereign citizen arguments that relied on the "Cestui Que Vie Act of 1666" to assert that the court had no power over him); Ammon v. United States, 142 Fed. Cl. 210, 216 (discussing a sovereign citizen's redemption claim based on an alleged "cestui que vie" trust account at the United States Treasury), appeal dismissed, No. 19-1759 (Fed. Cir. June 21, 2019). Here, similarly, plaintiff relies on the Cestui Que Vie Act of 1666 in both the form complaint and its appendix to assert that because she has been presumed dead, the United States became the custodian of her estate and now owes her the "interest of the Estate."[3] Compl. 1-3; Compl. App. 11-13.

---

[2] A "cestui que vie" is "[t]he person whose life measures the duration of a trust, gift, estate, or insurance contract." Cestui que vie, Black's Law Dictionary (11th ed. 2019).

[3] Foreign law is not among the money-mandating sources of law that fall within the ambit of the Tucker Act's waiver of sovereign immunity. See, e.g., De Archibold v. United States, 57 Fed. Cl. 29, 34 (2003) ("The law of Panama, a foreign country, cannot act as the waiver of sovereign immunity that is required for Tucker Act jurisdiction in this court."). Similarly, the Cestui Que Vie Act of 1666, an English law, cannot support Tucker Act jurisdiction for a claim in this court.

Finally, the court notes that sovereign citizen plaintiffs often make a distinction between their names written in all capital letters and the same names written with just the initial letters capitalized. See Bryant v. Wash. Mut. Bank, 524 F. Supp. 2d 753, 758 n.8 (W.D. Va. 2007) (noting that the sovereign citizen theory typically asserts that "the name of the fictitious entity is the real person's name in all-capital letters, which apparently explains why names are commonly written in all-capital letters on birth certificates, driver's licenses, and other government documents"), aff'd, 282 F. App'x 260 (4th Cir. 2008). Sovereign citizens typically believe that when they use the proper capitalization of their names, they can redeem the funds held by the United States in "secret, individual trust accounts, one for each citizen." Id. at 759. Here, too, plaintiff states that her proper name is not to be written in all capital letters, as it was written on her birth certificate, Compl. App. 6, and that she is entitled to the "interest of the Estate" held by the United States, Compl. 3.

In short, the legal fiction presented by plaintiff in the complaint is not based in law but in the fantasies of the sovereign citizen movement. There is no jurisdiction in this court for fictitious claims. See Boeing Co. v. United States, 968 F.3d 1371, 1383 (Fed. Cir. 2020) (stating that "[a]llegations of subject matter jurisdiction, to suffice, must satisfy a relatively low standard," but also noting that "essentially fictitious" claims do not meet the standard (quoting Shapiro v. McManus, 577 U.S. 39, 45-46 (2015))). Like other monetary claims of sovereign citizens this court has considered, plaintiff's claim must be dismissed for lack of jurisdiction. See, e.g., Ammon, 142 Fed. Cl. at 220 (dismissing sovereign citizen redemption claim sua sponte for lack of jurisdiction); Gravatt v. United States, 100 Fed. Cl. 279, 285, 288 (2011) (dismissing, sua sponte, sovereign citizen claim founded on fictitious trust fund account with the United States Department of the Treasury for lack of jurisdiction).

### III.  APPLICATION TO PROCEED IN FORMA PAUPERIS

As noted above, plaintiff filed, concurrent with her complaint, an application to proceed in forma pauperis. Courts of the United States are permitted to waive the prepayment or payment of filing fees and security under certain circumstances. 28 U.S.C. § 1915(a)(1). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress. Id. Plaintiff has substantially satisfied the requirements set forth in 28 U.S.C. § 1915(a).

### IV.  CONCLUSION

The court **GRANTS** plaintiff's application to proceed in forma pauperis. The clerk's office is directed to **DISMISS** the complaint for lack of jurisdiction, **without prejudice**. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith because, as alleged, plaintiff's claim is clearly beyond the jurisdiction of this court.

No costs are awarded.  The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

_____
MARGARET M. SWEENEY
Senior Judge
